**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

**v.**                                          **Criminal Case No: 1:14-cr-83**

**MISTY HOUGHTON,**
        **Defendant.**

**OPINION/REPORT AND RECOMMENDATION
REGARDING PLEA OF GUILTY IN FELONY CASE**

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Misty Houghton, in person and by counsel, Samuel Marsh, appeared before me on November 20, 2014. The Government appeared by Andrew Cogar, its Assistant United States Attorney. The Court determined that Defendant would enter a plea of "Guilty" to a one-count Information.

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written plea agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with her understanding of the agreement. The Court **ORDERED** the written plea agreement filed.

The Court then inquired whether Defendant was a citizen of the United States. Defendant responded that she was a citizen. The undersigned asked Defendant whether she understood that if she were not a citizen of the United States, by pleading guilty to a felony charge she would be subject to

deportation at the conclusion of any sentence; that she would be denied future entry into the United States; and that she would be denied citizenship if she ever applied for it. Defendant stated that she understood.

Thereupon, the Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear and accept the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Misty Houghton, after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned Magistrate Judge inquired of Defendant and her counsel relative to Defendant's knowledge and understanding of her constitutional right to proceed by Indictment and the voluntariness of her Consent to Proceed by Information and of her Waiver of her right to proceed by Indictment. Defendant and her counsel then verbally acknowledged their understanding and Defendant, under oath,

acknowledged her voluntary waiver of her right to proceed by Indictment and her agreement to voluntarily proceed by Information. Defendant and her counsel executed a written Waiver of Indictment. The undersigned Magistrate Judge then received and **ORDERED** the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned then reviewed with Defendant the Information, including the elements the United States would have to prove at trial, charging her with false entries and reports of moneys, in violation of 18 U.S.C. § 2073. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her; understood that the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than ten (10) years; a fine of not more than $250,000.00, or both imprisonment and a fine; and a term of supervised release of not more than three (3) years. Defendant also understood that mandatory restitution was required pursuant to 18 U.S.C. § 3663A. Defendant further understood the Court would impose a special assessment of $100.00 for the felony conviction payable before the date of sentencing and understood that the Court may require her to pay the costs of her incarceration and supervised release.

The Court then inquired of Defendant regarding her understanding of her conditional waiver of appellate rights as contained in the written plea agreement, as follows:

Ct. Do you understand that under the law, you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals?

Def. Yes, sir.

Ct. Do you understand that under the law, commonly called writ of habeas corpus law, you may

| | |
|---|---|
| | collaterally attack or challenge your sentence and how it's being executed? |
| Def. | Yes, sir. |
| Ct. | Do you understand that under your written plea agreement, you are completely giving up your right to appeal your conviction and sentence if it is within the 10-year statutory maximum, within the $250,000 fine, or both, and that appeal that you're giving up is the appeal to the Fourth Circuit under 18 U.S.C. § 3742? |
| Def. | Yes, sir. |
| Ct. | So, by your answers and by your plea agreement, you understand that if you were to file an appeal the court could look at today's transcript, look at your plea agreement, and say, well she waived her right to appeal and throw your appeal out without ever letting you be heard. |
| Def. | Yes, sir. |
| Ct. | Second, under paragraph 14, do you understand, except for any ineffective assistance of counsel that you find out about after today or any prosecutorial misconduct that you find out about after today, you are completely giving up your right to collaterally attack or challenge the sentence by filing a writ of habeas corpus motion under 28 U.S.C. § 2255? |
| Def. | Yes, sir. |
| Ct. | Do you completely understand that somebody like myself has a right to go back and look at a transcript of today's proceeding, your plea agreement, and recommend or a District Judge and order your habeas corpus petition filed–order it denied without being heard? |
| Def. | Yes, sir. |
| Ct. | In other words, if you file it, we can dismiss it. |
| Def. | Yes, sir. |

Ct.   Do you know of any prosecutorial misconduct as you sit here today?

Def.  No, sir.

Ct.   Do you know of any ineffective assistance of counsel as you sit here today?

Def.  No, sir.

Ct.   So if you don't discover any, and you know of none today, then you have completely given up your right to collaterally attack any sentence that the District Judge imposes within the statutory maximum, is that correct?

Def.  Yes, sir.

Ct.   And you intended to do that? You understood paragraph 14 when you signed the agreement?

Def.  Yes, sir.

Ct.   Has anything changed about your understanding since you signed the agreement and today when we discussed it moments ago?

Def.  No, sir.

Upon consideration of all which, the Court finds Defendant understood her appellate rights and knowingly and voluntarily waived those rights pursuant to the condition in the plea agreement.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement. The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement signed by her and determined the entry into said written plea agreement was both knowledgeable and voluntary on the part of Defendant. The Court further

determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in the Information and make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence

than she expected, she would not have a right to withdraw her guilty plea. Defendant further stated her attorney showed her how the advisory guideline chart worked but did not promise her any specific sentence at the time of sentencing. Defendant stated that she understood her attorney could not predict or promise her what actual sentence she would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court heard the testimony of Special Agent Tony Branch, who works for the Office of the Inspector General for the United States Postal Service. In January 2013, Special Agent Branch and others began an investigation into the money order exception reports from the Heaters, West Virginia, post office branch, located in Braxton County, within the Northern District of West Virginia. Those reports indicated that money orders from the Heaters branch had been cashed before they were reported being sold. On January 8, 2013, Special Agent Branch conducted an audit of the Heaters post office branch, where Defendant was postmaster. The audit revealed a total shortage of $8,070.99 from falsely reported money orders and stamp stock. Defendant was interviewed after the audit and was very cooperative. Defendant stated that she had used postal funds for personal bills because her husband had been off work for quite some time after an accident. She admitted that she had concealed her usage of postal funds in the reports on a daily basis. Those false reports occurred from between August and December 2012.

Defendant, Misty Houghton, with the consent of her counsel, Samuel Marsh, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the Information.

Defendant stated she heard, understood, and agreed with Special Agent Branch's testimony. From said testimony, the undersigned Magistrate Judge concludes the offense charged in the Information is

supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant understood her right to have her charges presented in an Indictment and knowingly, freely and voluntarily elected to proceed by Information; Defendant understood the charges against her; Defendant understood the consequences of her plea of guilty, including the statutory maximum sentence; Defendant made a knowing and voluntary plea of guilty to the Information; and Defendant's plea is independently supported by Special Agent Branch's testimony, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to the Order Setting Conditions of Release to be entered in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.

Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 21st day of November, 2014.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE